**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Eastern District of New York
_____
(State)

Case number (*If known*): _____  Chapter 11

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. **Debtor's name** | Amsterdam House Continuing Care Retirement Community, Inc. | |

2. **All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

The Harborside

3. **Debtor's federal Employer Identification Number (EIN)**

1 1 _ 3 7 1 1 7 6 4

4. **Debtor's address**

**Principal place of business**

300 E. Overlook
Number    Street

_____

Port Washington    NY    11050
City    State    ZIP Code

Nassau
County

**Mailing address, if different from principal place of business**

_____
Number    Street

_____
P.O. Box

_____
City    State    ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number    Street

_____

_____
City    State    ZIP Code

5. **Debtor's website** (URL)    https://theharborside.org

| Debtor | Amsterdam House Continuing Care Retirement Community, Inc. | Case number (*if known*)_____ |
|---|---|---|
| | Name | |

**6.  Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply:*

☑ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

  6   2   3   3

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

| Debtor | Amsterdam House Continuing Care Retirement Community, Inc. | Case number (if known) _____ |
|---|---|---|
| | Name | |

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No

☑ Yes. District _____ E.D.N.Y. _____ When __06/14/2021__ Case number __21-71095__
MM / DD / YYYY

District _____ When _____ Case number _____
MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes. Debtor _____ Relationship _____

District _____ When _____
MM / DD / YYYY

Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number        Street

_____

_____
City                                                  State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

| | **Statistical and administrative information** |
|---|---|

| Debtor | Amsterdam House Continuing Care Retirement Community, Inc. | Case number (if known) _____ |
|---|---|---|
| | Name | |

| | | Check one: |
|---|---|---|
| **13.** | **Debtor's estimation of available funds** | ☑ Funds will be available for distribution to unsecured creditors. |
| | | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| **14.** | **Estimated number of creditors** | ☐ 1-49 | ☑ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|---|
| | | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | | ☐ 200-999 | | |

| **15.** | **Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|---|
| | | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

| **16.** | **Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|---|
| | | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| **17.** | **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|---|
| | | I have been authorized to file this petition on behalf of the debtor. |
| | | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   02/22/2023
              MM / DD / YYYY

✗ _____          Brooke Navarre
Signature of authorized representative of debtor          Printed name

Title   President & CEO

| Debtor | Amsterdam House Continuing Care Retirement Community, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✖ *[signature]*

Signature of attorney for debtor

Date    03/22/2023

MM / DD / YYYY

Gregory M. Juell
Printed name

DLA Piper LLP (US)
Firm name

1251 Avenue of the Americas
Number        Street

New York                          NY        10020
City                              State      ZIP Code

(212) 335-4500                    gregory.juell@us.dlapiper.com
Contact phone                     Email address

5420120                           NY
Bar number                        State

OFFICER'S CERTIFICATE
March 22, 2023

I, Brooke Navarre, being the duly appointed President & CEO of Amsterdam House Continuing Care Retirement Community, Inc. d/b/a The Harborside ("The Harborside"), hereby certify as follows:

1.    I am the duly qualified and elected President & CEO of The Harborside and, as such, I am familiar with the facts certified herein and I am duly authorized to certify the same on behalf of The Harborside;

2.    Attached hereto is a true, correct, and complete copy of the resolutions of the Board of Directors of The Harborside, duly adopted and approved on March 21, 2023, in accordance with The Harborside's corporate organizational documents; and

3.    Such resolutions have not been amended, altered, annulled, rescinded, modified or revoked since their adoption and remain in full force and effect as of the date hereof. There exist no subsequent resolutions relating to the matters set forth in the resolutions attached hereto.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the 22 day of March, 2023.

Name:  Brooke Navarre, President & CEO of
Amsterdam House Continuing Care
Retirement Community, Inc.

## RESOLUTIONS OF THE BOARD OF DIRECTORS OF
## AMSTERDAM HOUSE CONTINUING CARE RETIREMENT COMMUNITY, INC.

Effective as of this 21st day of March, 2023, pursuant to a special meeting of the board of directors (the "Board")[1] of Amsterdam House Continuing Care Retirement Community, Inc. d/b/a The Harborside, a New York not-for-profit corporation ("The Harborside"), on the same date, at which a quorum was present, upon a motion duly made and seconded and acting pursuant to The Harborside's organizational documents, the members of the Board took the following actions and adopted the following recitals and resolutions:

**WHEREAS,** after conducting a robust marketing process for the affiliation or sale of The Harborside, The Harborside's senior management ("Management") and legal, financial and other advisors (collectively, the "Advisors") engaged in arm's length, good faith negotiations with New England Life Plan Communities Corp., a not-for-profit corporation organized and existing under the laws of Massachusetts ("NELP"), resulting in a proposed stalking horse term sheet (the "Stalking Horse Term Sheet") that provided for the following alternative transactions (together, the "Restructuring Transactions"): (i) the acquisition of the sole corporate membership interest or, alternatively, substantially all of the assets of The Harborside pursuant to a sale under a plan of reorganization and/or sections 363 and 365 of the title 11 of the United States Code (the "Bankruptcy Code"), subject to an auction process and bidding procedures, or (ii) the acquisition of the sole corporate membership interest in The Harborside and the tax-exempt bonds issued pursuant to that certain Master Trust Indenture, dated as of September 1, 2021, between Nassau County Industrial Development Agency and UMB Bank, N.A., as Trustee, all on the terms and conditions set forth in the Stalking Horse Term Sheet;

**WHEREAS,** in light of The Harborside's financial condition, The Harborside's Management and Advisors engaged in arm's length, good faith negotiations with Amsterdam Continuing Care Health System, Inc., The Harborside's sole member (the "Member"), resulting in a proposed debtor-in-possession loan term sheet (the "DIP Loan Term Sheet"), pursuant to which the Member has agreed to loan up to $9,000,000 (the "DIP Loan") to The Harborside on a non-priming basis to support The Harborside's operations and restructuring efforts during its chapter 11 case (the "Chapter 11 Case"), all on the terms and conditions set forth in the DIP Loan Term Sheet;

**WHEREAS,** the Board established an independent restructuring committee (the "Independent Restructuring Committee") to evaluate possible restructuring transactions, including the Stalking Horse Term Sheet and DIP Loan Term Sheet;

**WHEREAS,** the Board and the Independent Restructuring Committee have considered the current and prospective financial and operational aspects of The Harborside's business, including The Harborside's historical performance, assets, current and long-term liabilities;

**WHEREAS,** the Board and the Independent Restructuring Committee have considered presentations made by, and have reviewed and had the opportunity to ask questions about the materials presented by, The Harborside's Management and Advisors regarding, among other

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stalking Horse Term Sheet and DIP Loan Term Sheet (as defined below).

things, the liabilities, liquidity and prospects of The Harborside, the relative risks and benefits of the strategic alternatives available to The Harborside, and the impact of the foregoing on The Harborside's business, creditors, residents and other interested parties;

**WHEREAS**, the Board and Independent Restructuring Committee have received, reviewed and evaluated the Stalking Horse Term Sheet, the DIP Loan Term Sheet, and the term sheets submitted by all others parties, and have considered, among other things, general market conditions, the various strategic opportunities available to The Harborside, and the advantages and effects of the transactions proposed in the Stalking Horse Term Sheet and DIP Loan Term Sheet on The Harborside and its creditors, residents and other interested parties;

**WHEREAS**, the Board and the Independent Restructuring Committee have unanimously determined that it is advisable and in the best interests of The Harborside and its creditors, residents and other interested parties to pursue the transactions contemplated in the Stalking Horse Term Sheet and DIP Loan Term Sheet;

**WHEREAS**, the Board has unanimously determined that it is in the best interests of The Harborside and its creditors, residents and other interested parties that a petition be filed with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") by The Harborside seeking relief under chapter 11 of title 11 of the Bankruptcy Code;

**WHEREAS,** pursuant to New York Not-for-Profit Corporation Law and the Amended and Restated By-laws of The Harborside, certain actions taken by the Board with respect to, among other things, a sale of The Harborside's assets is subject to the express approval of the Member, and such approval has been obtained;

**WHEREAS,** the Board has determined that it is in the best interests of The Harborside and its creditors, residents, and other interested parties to approve the following resolutions; and

**NOW, THEREFORE, IT IS HEREBY:**

### _Commencement of the Chapter 11 Case_

**RESOLVED,** that the Board has determined, after consultation with The Harborside's Management and Advisors, that it is advisable and in the best interests of The Harborside and its creditors, residents and other interested parties that The Harborside is authorized to file or cause to be filed a voluntary petition under chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and it is further

**RESOLVED,** that Brooke Navarre, Michael Morton and such other individuals as The Harborside shall from time to time designate (each, an "Authorized Person" and collectively, the "Authorized Persons"), are hereby authorized, empowered and instructed to cause preparation of a voluntary petition for relief under chapter 11 of the Bankruptcy Code on behalf of The Harborside; and it is further

**RESOLVED,** that, upon preparation, such Authorized Persons are hereby authorized, on behalf of and in the name of The Harborside, to cause such voluntary petition to be executed, and verified in such form as such Authorized Persons, with advice of counsel, deem appropriate and

that upon execution such Authorized Persons, with advice of counsel, are hereby authorized to cause such petition to be filed with the Bankruptcy Court to commence the Chapter 11 Case; and it is further

**RESOLVED**, that the Authorized Persons are authorized to negotiate, execute, deliver and file with the Bankruptcy Court (or direct others to do so on behalf of The Harborside) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings, orders and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, financial advisors, or other professionals and to take any and all actions that they deem necessary and proper in connection with the Chapter 11 Case; and it is further

### *Retention of Advisors*

**RESOLVED**, that the Authorized Persons are hereby authorized and directed to retain on behalf of The Harborside, upon such terms and conditions as the Authorized Persons shall approve, subject to Bankruptcy Court approval, the following professionals (collectively, the "Professionals") to represent The Harborside in connection with the Chapter 11 Case:

- DLA Piper LLP (US), as The Harborside's bankruptcy counsel;

- Ankura Consulting Group, LLC, as The Harborside's financial advisor and to provide a chief restructuring officer and certain additional personnel, as needed;

- Grandbridge Real Estate Capital, LLC, as The Harborside's real estate broker; and

- Epiq Corporate Restructuring, LLC, as The Harborside's noticing, claims, and solicitation agent.

**RESOLVED**, that with respect to the Professionals, the Authorized Persons are hereby authorized and directed to (i) execute retention agreements and pay retainers prior to and immediately upon the filing of the Chapter 11 Case, (ii) continue to periodically replenish, as required, the retainers previously paid by The Harborside to the Professionals on account of the services rendered or to be rendered by them, and (iii) cause to be filed applications of authority to retain the Professionals; and it is further

**RESOLVED**, that the Authorized Persons are authorized and directed to employ any other firms as professionals or consultants to The Harborside that are deemed necessary to represent and assist The Harborside in carrying out the duties under the Bankruptcy Code and, in connection therewith, the Authorized Persons of The Harborside are hereby authorized and directed to execute and deliver appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case and cause to be filed appropriate applications for authority to retain the services of such firms; and it is further

*Debtor in Possession Financing*

RESOLVED, that in connection with the Chapter 11 Case, the Board authorizes and approves negotiation of the DIP Loan and any other agreements, consents, certificates, amendments, assignments, and instruments in connection therewith (collectively, the "DIP Loan Documents") consistent with the DIP Loan Term Sheet, which has been provided to the Board, and with such changes as the Authorized Persons shall approve, and the Authorized Persons shall be, and hereby are, authorized and empowered, in the name and on behalf of The Harborside, to negotiate, execute, deliver, and perform or cause the performance of the DIP Loan Documents, as such Authorized Persons consider necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the DIP Loan Documents and other arrangements necessary, proper, or desirable in the interest of The Harborside in connection with the Chapter 11 Case, such determination to be conclusively evidenced by such execution or taking of such action; and it is further

RESOLVED, that, upon execution of the DIP Loan Documents, The Harborside is hereby authorized to grant (i) the DIP Liens on the DIP Collateral; (ii) the waiver and release of the Member's obligations under or related to the LSA; (iii) the Administrative Expense Claims and DIP Superpriority Claims; (iv) the releases of the DIP Lender Protected Parties; and (v) such other liens, claims, release, waivers and relief, all on the terms and conditions set forth in the DIP Loan Term Sheet; and it is further

RESOLVED, that the Authorized Persons be, and hereby are, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any of the DIP Loan Documents or any revised budgets in connection with the DIP Loan Documents, and to execute and file on behalf of The Harborside all schedules, lists, motions, budgets, papers, or documents, which shall in their sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by their execution thereof; and it is further

*The Restructuring Transactions*

RESOLVED, after careful consideration, the Board has determined that it is advisable and in the best interests of The Harborside and its creditors, residents and interested parties to enter into the Stalking Horse Term Sheet, pursue the Restructuring Transactions, negotiate and execute definitive documentation relating thereto (the "Transaction Documents") and to consummate the Restructuring Transactions consistent with the Stalking Horse Term Sheet; and it is further

RESOLVED, that the Authorized Persons are each authorized and directed, for and on behalf of The Harborside, to execute and deliver the Stalking Horse Term Sheet and to subsequently negotiate and enter into Transaction Documents as may be necessary or desirable, consistent with the Stalking Horse Term Sheet, in each case together with such modifications and amendments thereto as the Authorized Persons may, in their discretion, deem necessary or desirable, such approval to be conclusively established by the execution of the Stalking Horse Term Sheet and the Transaction Documents; and it is further

RESOLVED, that the Authorized Persons are each authorized and directed, for and on behalf of The Harborside, to take any other actions as may be necessary or appropriate, in the judgment of such individuals, to consummate the Stalking Horse Term Sheet and the Restructuring Transactions; and it is further

*General Authorization and Ratification*

RESOLVED, that any and all past actions heretofore taken by the Authorized Persons, any director or officer of The Harborside in the name and on behalf of The Harborside in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and it is further

RESOLVED, that the Authorized Persons are authorized and directed, in the name of and on behalf of The Harborside, under The Harborside's corporate seal or otherwise, to make, enter into, execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of The Harborside, to take or cause to be taken any and all other actions, and to incur all such fees and expenses as any such Authorized Person deems to be necessary, appropriate or advisable to carry out the purposes of the foregoing resolutions, the Stalking Horse Term Sheet, DIP Loan Term Sheet, and the transactions contemplated thereunder and/or to successfully complete the Chapter 11 Case, the taking of any such action or execution of any such documents and/or agreements to constitute conclusive evidence and the exercise of such discretionary authority; and it is further

RESOLVED, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as required by the governance documents of The Harborside, or hereby waives any right to have received such notice.

*      *      *      *      *

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK
**www.nyeb.uscourts.gov**

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

**DEBTOR(S):** Amsterdam House Continuing Care Retirement Community, Inc. **CASE NO.:** 23-_____

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor (or any other petitioner) hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

**[NOTE:** Cases shall be deemed "Related Cases" for purposes E.D.N.Y LBR 1073-1 and E.D.N.Y LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

☐   **NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.**

☑   **THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:**

1.  **CASE NO.:** 21-71095_____ **JUDGE:** Alan S. Trust_____ **DISTRICT/DIVISION:** E.D.N.Y._____

    **CASE PENDING: (YES/NO):** No_____ [*If closed*] **Date of Closing:** April 15, 2022_____

    **CURRENT STATUS OF RELATED CASE:** Confirmed_____
    **(Discharged/awaiting discharge, confirmed, dismissed, etc.)**

    **MANNER IN WHICH CASES ARE RELATED:** (*Refer to NOTE above*): Debtor is the same_____

- **SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - INDIVIDUAL" PART 1 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES: _____

- **SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - NON-INDIVIDUAL" PART 9 (REAL PROPERTY):** REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES:
  Land, buildings, and improvements affiliated with the property located at 300 E. Overlook, Port Washington, New York 11050

2.  **CASE NO.:** _____ **JUDGE:** _____ **DISTRICT/DIVISION:** _____

    **CASE PENDING: (YES/NO):** _____ [*If closed*] **Date of Closing:** _____

    **CURRENT STATUS OF RELATED CASE:** _____
    **(Discharged/awaiting discharge, confirmed, dismissed, etc.)**

    **MANNER IN WHICH CASES ARE RELATED:** (*Refer to NOTE above*): _____

- **SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - INDIVIDUAL" PART 1 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES: _____

- **SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - NON-INDIVIDUAL" PART 9 (REAL PROPERTY):** REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES:_____

**[OVER]**

DISCLOSURE OF RELATED CASES (cont'd)

3.  CASE NO.: _____ JUDGE: _____ DISTRICT/DIVISION: _____

CASE PENDING: (YES/NO): _____ [*If closed*] Date of Closing: _____

CURRENT STATUS OF RELATED CASE: _____
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED: (*Refer to NOTE above*): _____

- SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - **INDIVIDUAL**" PART 1 (REAL PROPERTY):
REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES: _____

- SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - **NON-INDIVIDUAL**" PART 9 (REAL PROPERTY): REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES: _____

_____

NOTE: Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.

TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:

I am admitted to practice in the Eastern District of New York (Y/N): Yes

CERTIFICATION (to be signed by pro-se debtor/petitioner or debtor/petitioner's attorney, as applicable):

I certify under penalty of perjury that the within bankruptcy case is not related to any case pending or pending at any time, except as indicated elsewhere on this form.

_____
**Signature of Debtor's Attorney**

_____
**Signature of Pro-se Debtor/Petitioner**

300 E. Overlook
**Mailing Address of Debtor/Petitioner**

Port Washington, New York 11050
**City, State, Zip Code**

bnavarre@theharborside.org
**Email Address**

(516) 472-6620
**Area Code and Telephone Number**

Failure to fully and truthfully provide all information required by the E.D.N.Y LBR 1073-2 Statement may subject the debtor or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the dismissal of the case with prejudice.

NOTE: Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise result.

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case:</b></td></tr>
<tr><td colspan="2">Debtor name:  <u>Amsterdam House Continuing Care Retirement Community, Inc.</u></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the: <u>Eastern District of New York</u><br>(State)</td></tr>
<tr><td colspan="2">Case number (if known):  _____</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders, On a Consolidated Basis                                    12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Resident #00069-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $1,364,633.00 |
| 2 | Resident #00070-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $1,285,200.00 |
| 3 | Resident #00190-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $1,248,615.00 |
| 4 | Resident #00309-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $1,240,359.20 |
| 5 | Resident #00280-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $1,133,482.00 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6   Resident #00212-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $1,116,077.69 |
| 7   Resident #00030-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $1,079,094.93 |
| 8   Resident #00111-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $1,075,613.00 |
| 9   Resident #00242-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $1,061,650.00 |
| 10   Resident #00126-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $1,023,779.20 |
| 11   Resident #00314-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $1,015,987.20 |
| 12   Resident #00173-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $1,003,666.50 |
| 13   Resident #00141-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $988,631.00 |
| 14   Resident #00088-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $950,300.00 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 Resident #00258-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $918,355.30 |
| 16 Resident #00122-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $904,370.00 |
| 17 Resident #00145-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $902,116.00 |
| 18 Resident #00060-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $895,281.00 |
| 19 Resident #00220-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $883,709.00 |
| 20 Resident #00144-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $878,138.00 |
| 21 Resident #00179-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $859,763.25 |
| 22 Resident #00203-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $853,906.56 |
| 23 Resident #00034-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $850,712.80 |
| 24 Resident #00214-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $845,720.33 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25    Resident #00200-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $842,959.04 |
| 26    Resident #00010-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $840,735.00 |
| 27    Resident #00036-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $840,735.00 |
| 28    Resident #00124-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $840,224.00 |
| 29    Resident #00211-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $836,426.70 |
| 30    Resident 00223-2023 [REDACTED] | [REDACTED] | Entrance Fee Liability | Contingent, Unliquidated | | | $835,808.00 |

Fill in this information to identify the case and this filing:

Debtor Name ___Amsterdam House Continuing Care Retirement Community, Inc.___

United States Bankruptcy Court for the: _____Eastern District of New York____
(State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING — Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   *Amended Schedule _____*

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐   *Other document that requires a declaration*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___03/22/2023___          × ___/s/_____
                                       Signature of individual signing on behalf of debtor

                                       Brooke Navarre
                                       Printed name

                                       President & CEO
                                       Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AMSTERDAM HOUSE CONTINUING CARE RETIREMENT COMMUNITY, INC.,[1] | Case No. 23-_____ (AST) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**
**AND CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following is a list of holders of equity securities of Amsterdam House Continuing Care Retirement Community, Inc. (the "Debtor") and a statement regarding its corporate ownership.

1.      The Debtor is a not-for-profit corporation that is exempt from federal income taxation under section 501(c)(3) of the Internal Revenue Code of 1986, as amended.

2.      The Debtor has no outstanding "equity securities" as defined in section 101(6) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), no "equity security holders" as defined in section 101(17) of the Bankruptcy Code, and no equity interests for purposes of Federal Rules of Bankruptcy Procedure 1007 and 7007.1 and Rule 1073-3 of the Local Bankruptcy Rules for the Eastern District of New York; however, Amsterdam Continuing Care Health System, Inc., a New York not-for-profit corporation, is the sole member of the Debtor under the New York Not-for-Profit Corporation Law.

---

[1]      The last four digits of the Debtor's federal tax identification number are 1764.  The Debtor's mailing address is 300 East Overlook, Port Washington, New York 11050.

| Debtor Name | Amsterdam House Continuing Care Retirement Community, Inc. |
|---|---|
| United States Bankruptcy Court for the: Eastern District of New York |
| | (State) |
| Case number (*If known*): | |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐       *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐       *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐       *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐       *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐       *Schedule H: Codebtors (Official Form 206H)*

☐       *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐       *Amended Schedule _____*

☐       *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒       *Other document that requires a declaration:* List of Equity Security Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    03/22/2023

x   /s/
Signature of individual signing on behalf of debtor

Brooke Navarre
Printed name

President & CEO
Position or relationship to debtor