**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AMSTERDAM HOUSE CONTINUING CARE RETIREMENT COMMUNITY, INC., d/b/a THE HARBORSIDE, | Case No. 23-70989 (AST) |
| Debtor. | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**
**(I) APPROVING THE DISCLOSURE STATEMENT FOR THE DEBTOR'S AMENDED**
**PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY**
**CODE; AND (II) CONFIRMING THE DEBTOR'S AMENDED PLAN OF**
**LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

WHEREAS, Amsterdam House Continuing Care Retirement Community, Inc., as debtor and debtor-in-possession in the above-captioned case (the "Debtor"), having proposed and filed with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") (i) the *Debtor's Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code,* dated as of March 27, 2025 [Dkt. No. 1023] (as further modified, amended, and/or supplemented from time to time, including as modified herein, the "Amended Plan"), a copy of which is annexed hereto as **Exhibit A**; and (ii) the related *Disclosure Statement for the Debtor's Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code,* dated as of April 1, 2025 [Dkt. No. 1030-1] (the "Amended Disclosure Statement");[1]

WHEREAS, on March 31, 2025, the Bankruptcy Court entered the *Stipulation and Agreed Order (I) Scheduling Combined Hearing on (A) Approval of Amended Disclosure Statement and (B) Confirmation of Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code; (II) Fixing Related Objection Deadlines and Approving Notice Procedures;*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Amended Plan or Amended Disclosure Statement.

*(III) Approving Solicitation Procedures; and (IV) Granting Related Relief* [Dkt. No. 1026] (the "Stipulated Order") pursuant to which the Bankruptcy Court, among other things, (i) scheduled a combined hearing on the adequacy of the Amended Disclosure Statement and confirmation of the Amended Plan for May 7, 2025 at 10:30 a.m. (EDT) (the "Combined Hearing"); (ii) established the deadline for objections to the Amended Disclosure Statement and Amended Plan as May 2, 2025 at 12:00 p.m. (EDT) (the "Objection Deadline"); (iii) scheduled the deadline for any reply to objections to the Amended Disclosure Statement and Amended Plan as May 5, 2025 at 12:00 p.m. (EDT); and (iv) approved the *Notice of (I) Combined Hearing on the Adequacy of the Amended Disclosure Statement and Confirmation of the Amended Plan of Liquidation, (II) Related Objection Deadlines, and (III) Summary of the Debtor's Amended Plan of Liquidation* (the "Combined Hearing Notice");

WHEREAS, on April 4, 2025, the Debtor caused its solicitation, claims, and voting agent, Epiq Corporate Restructuring, LLC ("Epiq"), to distribute packages containing the Amended Disclosure Statement, Amended Plan, Ballots with voting instructions, a cover letter, and a letter in support of the Amended Plan from the Official Committee of Unsecured Creditors (the "Committee") and the Ad Hoc Group of Residents (the "Ad Hoc Group"), among other documents (the "Solicitation Package"), to the Holders of Claims entitled to vote to accept or reject the Amended Plan with a voting deadline of 5:00 p.m. (EDT) on April 25, 2025 (the "Voting Deadline"), as evidenced by the *Certificate of Service of Solicitation Documents* [Dkt. No. 1035] (the "Solicitation Affidavit");

WHEREAS, as reflected in the *Declaration of Stephenie Kjontvedt of Epiq Corporate Restructuring, LLC Regarding the Solicitation and Tabulation of Ballots Cast on the Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 1045] (the

"Voting Certification"), the Amended Plan was accepted by 98.11% in number and 99.99% in amount of the voting Holders of Claims in Classes 3 and 4, 100.00% in number and 100.00% in amount of the voting Holders of Claims in Class 5, and 100.00% in number and 100.00% in amount of the voting Holders of Claims in Class 6.  While Class 7 is deemed to have rejected the Amended Plan as a result of a single vote to reject, 75.00% in number and 3.65% in amount of the voting Holders of Claims in Class 7 voted to accept the Amended Plan;

WHEREAS, on April 21, 2025, the Debtor filed the *Notice of Filing of Plan Supplement to the Debtor's Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 1039] (as amended, modified and/or supplemented from time to time, the "Plan Supplement"), which included a form of the Liquidating Trust Agreement identifying Howard M. Ehrenberg as the Liquidating Trustee, subject to this Court's approval;

WHEREAS, no objections to the adequacy of the Amended Disclosure Statement or confirmation of the Amended Plan were timely filed;

WHEREAS, on April 30, 2025, the Debtor filed (i) the *Debtor's Memorandum of Law in Support of (I) Approval of the Debtor's Disclosure Statement for the Debtor's Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code; and (II) Confirmation of the Debtor's Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 1046] (the "Confirmation Memorandum"); and (ii) the *Declaration of Michael Morton in Support of (I) Approval of the Debtor's Disclosure Statement for the Debtor's Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code; and (II) Confirmation of the Debtor's Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 1047] (the "Morton Declaration") in support of approval of the Amended Disclosure Statement and confirmation of the Amended Plan;

WHEREAS, due notice of the Combined Hearing has been given to Holders of Claims against and Interests in the Debtor and other parties in interest in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of New York (the "<u>Local Rules</u>") and the Stipulated Order, as evidenced by the Solicitation Affidavit, and such notice is sufficient under the circumstances and no further notice is required; and

WHEREAS, the Bankruptcy Court having held the Combined Hearing on May 7, 2025, to consider, among other things, the adequacy of the Amended Disclosure Statement and confirmation of the Amended Plan, and having noted that there were no objections to the Amended Disclosure Statement or Amended Plan.

NOW, THEREFORE, based upon the Bankruptcy Court's consideration of the entire record of this Chapter 11 Case and the Combined Hearing, including the (i) Amended Disclosure Statement, (ii) Amended Plan, (iii) Plan Supplement, (iv) Voting Certification, (v) Confirmation Memorandum, (vi) Morton Declaration, and (vii) Solicitation Affidavit; and no objections to the Amended Plan or Amended Disclosure Statement having been filed or asserted; and upon the arguments of counsel and the evidence adduced at the Combined Hearing; and the Bankruptcy Court having found that the Amended Disclosure Statement should be approved and the Amended Plan should be confirmed as reflected by the Bankruptcy Court's rulings made herein and at the Combined Hearing; and after due deliberation and sufficient cause appearing therefor, the Bankruptcy Court hereby **FINDS, DETERMINES, AND CONCLUDES** that:

<u>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**</u>

A.    <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein and on the record of the Combined Hearing constitute the Bankruptcy Court's findings of fact and

conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    <u>Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>.  The Bankruptcy Court has jurisdiction over the Debtor's Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334.  Approval of the Amended Disclosure Statement and confirmation of the Amended Plan are core proceedings pursuant to 28 U.S.C. § 157(b) and the Bankruptcy Court has jurisdiction to enter a final order with respect thereto.  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The Debtor is an eligible debtor under section 109 of the Bankruptcy Code.  The Debtor is a proper plan proponent under section 1121(a) of the Bankruptcy Code.

C.    <u>Judicial Notice</u>.  The Bankruptcy Court takes judicial notice of the docket of this Chapter 11 Case maintained by the Clerk of the Bankruptcy Court and/or its duly appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of this Chapter 11 Case.

D.    <u>Burden of Proof</u>.  The Debtor, as proponent of the Amended Plan, has the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.  The Debtor has met its burden with respect to each applicable element of section 1129 of the Bankruptcy Code.

E.    <u>Chapter 11 Petition</u>.  On the Petition Date, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.  The Debtor

continued as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

F.    <u>Official Committee of Unsecured Creditors</u>.  On April 13, 2023, the United States Trustee appointed the Committee [Dkt. No. 91].

G.    <u>Notice</u>.  As evidenced by the Solicitation Affidavit, and in compliance with the Stipulated Order, on April 2, 2025, the Voting Agent served the Combined Hearing Notice on all parties listed on the Debtor's creditor matrix and parties requesting notice under Rule 2002 of the Bankruptcy Rules.

H.    <u>No Other or Further Notice or Solicitation Required</u>.  As evidenced by the Voting Certification and Solicitation Affidavit, the transmittal and service of the Amended Plan, the Amended Disclosure Statement and the Ballots were adequate and sufficient under the circumstances, and all parties required to be given notice of the Combined Hearing (including the deadline for filing and serving objections to the adequacy of the Amended Disclosure Statement and confirmation of the Amended Plan) have been given due, proper, timely, and adequate notice in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable non-bankruptcy law, and the Stipulated Order, and such parties have had sufficient opportunity to appear and be heard with respect thereto.  The solicitation of votes on the Amended Plan complied with the Stipulated Order, was appropriate and satisfactory based upon the circumstances of this Chapter 11 Case, and was in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law.  No other or further notice or re-solicitation is required.

I.    <u>Plan Supplement</u>.  The Plan Supplement complies with the Bankruptcy Code and the terms of the Amended Plan, and the filing and notice of the documents included therein are

good, proper, and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Stipulated Order, and no other or further notice is required.   All documents included in the Plan Supplement are an integral part of this order (the "Confirmation Order") and are incorporated herein by reference.   Subject to the terms of the Amended Plan (including, for the avoidance of doubt, any consent rights set forth or incorporated therein), and only consistent therewith, the Debtor's right to alter, amend, update, or modify, in each case in whole or in part, the Plan Supplement before the Effective Date is reserved, provided that notice of any proposed changes is provided to the Committee, the Ad Hoc Group, ACCHS and the Bond Trustee.

### Amended Disclosure Statement and Solicitation

J.      Amended Disclosure Statement.   The Amended Disclosure Statement contains (i) sufficient information of a kind consistent with the disclosure requirements of all applicable nonbankruptcy laws, rules, and regulations, and (ii) "adequate information" (as such term is defined in section 1125(a) of the Bankruptcy Code and used in section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtor, the Amended Plan, and the transactions contemplated therein, and is approved in all respects.

K.      Solicitation.   The Debtor caused the Solicitation Package to be transmitted and served in compliance with sections 1125 and 1126 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable provisions in the Bankruptcy Code, and all other applicable rules, laws, and regulations applicable to such solicitation.   The Ballots used to solicit votes to accept or reject the Amended Plan from Holders of Claims in Classes 3, 4, 5, 6 and 7, which are the only Holders of Claims entitled to vote to accept or reject the Amended Plan (the "Voting Classes"), adequately addressed the particular needs of this Chapter 11 Case and were appropriate for Holders in the Voting Classes to accept or reject the Amended Plan.

As set forth in the Solicitation Affidavit, on April 4, 2024, the Solicitation Package was transmitted to and served on the Holders in the Voting Classes.  The instructions on the Ballots advised the Voting Classes that for the Ballots to be counted, the Ballots must be properly executed, completed, and delivered to Epiq so as to be actually received no later than the Voting Deadline.  The period during which the Debtor solicited Holders in the Voting Classes was a reasonable period of time for such Holders to make an informed decision to accept or reject the Amended Plan.

The Debtor was not required to solicit votes from the Holders of Claims in Classes 1 and 2 (collectively, the "Deemed Accepting Classes") as each such Class is Unimpaired under the Amended Plan and presumed to have accepted the Amended Plan pursuant to section 1126(f) of the Bankruptcy Code.  Additionally, the Debtor was not required to solicit votes from the Holders of Claims in Class 8 (the "Deemed Rejecting Class") as such Class is Impaired under the Amended Plan and deemed to have rejected the Amended Plan.

L.    Good Faith Solicitation.  Votes for acceptance or rejection of the Amended Plan were solicited in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Stipulated Order, all other applicable provisions of the Bankruptcy Code, Local Rules 3017-1, 3018-1, and 3020-1, and all other applicable rules, laws and regulations, including any applicable non-bankruptcy law.

M.    Voting.  As evidenced by the Voting Certification, votes to accept or reject the Amended Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Amended Plan, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable non-bankruptcy law.

## Compliance with the Requirements of Section 1129 of the Bankruptcy Code

N.      Amended Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).
The Amended Plan complies with the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Amended Plan is dated, identifies the Debtor as the plan proponent, and clearly identifies the injunction proposed under the Amended Plan, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

i.      Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).    With the exception of Administrative Expense Claims, Accrued Professional Compensation Claims, Priority Tax Claims, DIP Claims and the Diminution Claim, which need not be classified, section 3 of the Amended Plan classifies the Classes of Claims against and Interests in the Debtor.  The Claims and Interests placed in each Class are substantially similar to the other Claims and Interests, as the case may be, in each such Class.   Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Amended Plan, and the Amended Plan does not unfairly discriminate between Holders of Claims and Interests in each Class or between Classes.    Accordingly, the Amended Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

ii.     Unimpaired Classes Specified (11 U.S.C. § 1123(a)(2)).  Sections 3 and 4 of the Amended Plan specify which Classes of Claims are Unimpaired under the Amended Plan within the meaning of section 1124 of the Bankruptcy Code, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

iii.    Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)).  Sections 3 and 4 of the Amended Plan specify which Classes of Claims and Interests are Impaired under the Amended Plan within the meaning of section 1124 of the Bankruptcy Code and clearly specify

the treatment of the Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

      iv.   <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  The Amended Plan provides for the same treatment for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to less favorable treatment for such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

      v.   <u>Implementation of the Amended Plan (11 U.S.C. § 1123(a)(5))</u>.  The provisions in Section 6 and elsewhere in the Amended Plan, the Focus Sale Global Settlement Term Sheet embodied in the Amended Plan, and the Plan Supplement provide adequate and proper means for the Amended Plan's implementation, including, but not limited to: (a) entry into the Liquidating Trust Agreement, and (b) the authorization of the Debtor or Liquidating Trustee to take all actions necessary to effectuate the Amended Plan.  The Amended Plan, therefore, satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

      vi.   <u>Non-Voting Equity Securities/Allocation of Voting Power (11 U.S.C. § 1123(a)(6))</u>.  The Amended Plan does not provide for the issuance of nonvoting equity securities, therefore section 1123(a)(6) of the Bankruptcy Code is inapplicable to this Chapter 11 Case.

      vii.   <u>Appointment of Liquidating Trustee (11 U.S.C. § 1123(a)(7))</u>.  Section 6.2 of the Amended Plan and the Liquidating Trust Agreement contain provisions regarding the manner of selection of the Liquidating Trustee and any successor Liquidating Trustee that are consistent with the interests of Holders of Claims and with public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

viii.    <u>Earnings from Personal Services (11 U.S.C. § 1123(a)(8))</u>.  Section 1123(a)(8) of the Bankruptcy Code applies only to individual debtors and is not applicable to this Chapter 11 Case.

ix.    <u>Impairment/Unimpairment of Classes of Claims and Interests (11 U.S.C. § 1123(b)(1))</u>.  As permitted by section 1123(b)(1) of the Bankruptcy Code, pursuant to sections 3 and 4 of the Amended Plan, Claims or Interests in the Voting Classes and Deemed Rejecting Class are Impaired and Claims in the Deemed Accepting Classes are Unimpaired.

x.    <u>Assumption and Rejection (11 U.S.C. § 1123(b)(2))</u>.  Section 9 of the Amended Plan governs the assumption and rejection of Executory Contracts and Unexpired Leases pursuant to sections 363 and 365 of the Bankruptcy Code, as applicable, thereby satisfying section 1123(b)(2) of the Bankruptcy Code.

xi.    <u>Retention of Claim or Interests (11 U.S.C. § 1123(b)(3))</u>.  Section 11.14 of the Amended Plan provides for the retention of certain Causes of Action not expressly settled or released under the Amended Plan.  Thus, the Amended Plan satisfies the requirements of section 1123(b)(3) of the Bankruptcy Code.

xii.    <u>Sale of All or Substantially All Assets (11 U.S.C. § 1123(b)(4))</u>.  As contemplated by section 1123(b)(4) of the Bankruptcy Code, the Amended Plan provides for the distribution of the proceeds of the Sale to (i) the Bond Trustee, in the form of the Bondholder Sale Proceeds, (ii) Residents that elect to opt-in to the third-party releases contained in the Amended Plan, in the form of the Initial Pre-Termination Resident Distribution and the Initial Post-Termination Resident Distribution, and (iii) Holders of Administrative Expense Claims.  Thus, the Amended Plan satisfies section 1123(b)(4) of the Bankruptcy Code.

xiii.    <u>Modification of Rights (11 U.S.C. § 1123(b)(5))</u>.    As permitted by section 1123(b)(5) of the Bankruptcy Code, the Amended Plan modifies the rights of Holders of Claims and Interests in the Voting Classes and Deemed Rejecting Class.    The Amended Plan leaves unaffected the rights of Holders of Claims in the Deemed Accepting Classes.

xiv.    <u>Additional Amended Plan Provisions (11 U.S.C. § 1123(b)(6))</u>.    As permitted by section 1123(b)(6) of the Bankruptcy Code, the Amended Plan includes other appropriate provisions not inconsistent with the applicable provisions of the Bankruptcy Code, including, without limitation, certain release, exculpation, and injunction provisions in section 11 of the Amended Plan.    Based upon the facts and circumstances of this Chapter 11 Case, the release, exculpation, and injunction provisions in the Amended Plan are integral and critical parts of the Amended Plan, and the Released Parties and Exculpated Parties have relied on the efficacy and conclusive effects of such releases and injunctions when making concessions and exchanging consideration in connection with this Chapter 11 Case and the Amended Plan.    Such release, exculpation, and injunction provisions in section 11 of the Amended Plan are: (i) in exchange for the good, valuable, and reasonably equivalent consideration provided by the Released Parties; (ii) in the best interests of the Debtor, its Estate, and its Creditors; (iii) fair, equitable, and reasonable; and (iv) a bar to any of the Releasing Parties to the extent set forth in the Amended Plan asserting any Claims or Causes of Action released pursuant to the Amended Plan. Accordingly, based upon the record of this Chapter 11 Case, the representations of the parties, and/or the evidence proffered, adduced, and/or presented at the Combined Hearing, the Bankruptcy Court finds that the release, exculpation, and injunction provisions set forth in section 11 of the Amended Plan are consistent with the Bankruptcy Code and applicable law and are appropriate under the circumstances.

xv.     <u>Sale of Exempt Property (11 U.S.C. § 1123(c))</u>.  The Debtor is not an individual. Accordingly, section 1123(c) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

xvi.     <u>Cure of Defaults (11 U.S.C. § 1123(d))</u>.  Except as otherwise provided in the Amended Plan, or in any contract, instrument, release, indenture or other agreement or document entered into in connection with the Amended Plan, including the Focus APA, each of the Executory Contracts and Unexpired Leases of the Debtor shall be deemed rejected as of the Effective Date, unless such Executory Contract or Unexpired Lease:  (1) was assumed or rejected previously by the Debtor; (2) expired or terminated pursuant to its own terms before the Effective Date; (3) is the subject of a motion to assume or reject filed on or before the Effective Date; or (4) is identified as an Executory Contract or Unexpired Lease to be assumed in connection with the Sale.  Any monetary amounts by which any Executory Contract or Unexpired Lease to be assumed under the Amended Plan or otherwise is in default shall be satisfied, under section 365(b)(1) of the Bankruptcy Code, by Cure.  If there is a dispute regarding (i) the nature or amount of any Cure, or (ii) any other matter pertaining to assumption, Cure shall occur following the entry of a Final Order of the Bankruptcy Court resolving the dispute and approving the assumption.

O.     <u>The Debtor's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtor, as the plan proponent, has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Stipulated Order, and other applicable law in transmitting the Amended Plan, the Amended Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating the votes on the Amended Plan.  Accordingly, the Amended Plan satisfies the requirements of section 1129(a)(2) of the Bankruptcy Code.

P.    <u>Amended Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Debtor has proposed the Amended Plan, including all documents necessary to effectuate the Amended Plan, and the transactions contemplated by the Amended Plan in good faith and not by any means forbidden by law, thereby satisfying the requirements of section 1129(a)(3) of the Bankruptcy Code.  The Debtor's good faith is evident from the facts and record of this Chapter 11 Case, the Amended Disclosure Statement, the Focus Sale Global Settlement Term Sheet, and the record of the Combined Hearing and other proceedings held in this Chapter 11 Case.   The Debtor's Chapter 11 Case was filed, and the Amended Plan was proposed, with the legitimate purpose of allowing the Debtor to consummate the Sale and conduct an orderly liquidation.  The Amended Plan (including all documents necessary to effectuate the Amended Plan), the Plan Supplement, and the Focus Sale Global Settlement Term Sheet were negotiated in good faith and at arm's length among the Debtor, Committee, Ad Hoc Group, Bond Trustee, ACCHS and ANH.  Further, the Amended Plan's classification, exculpation, release, and injunction provisions are consistent with sections 105, 1122, 1123(b)(3)(A), 1123(b)(6), 1129, and 1142 of the Bankruptcy Code and applicable case law in the Second Circuit, have been negotiated in good faith and at arm's length, are integral to the Amended Plan, and supported by valuable consideration.

Q.    <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.   Any payments made or promised by the Debtor for services or for costs and expenses incurred in connection with this Chapter 11 Case, or in connection with the Amended Plan and incident to this Chapter 11 Case, have been approved by, or are subject to approval of, the Bankruptcy Court as reasonable.  Accordingly, the Amended Plan satisfies the requirements of section 1129(a)(4) of the Bankruptcy Code.

R.      Directors, Officers, and Trustees (11 U.S.C. § 1129(a)(5)).      The Debtor, in consultation with the Consultation Parties, has identified Howard M. Ehrenberg as the Liquidating Trustee, subject to this Court's approval, and accordingly the Amended Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

S.      No Rate Changes (11 U.S.C. § 1129(a)(6)).      The Amended Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction. Accordingly, section 1129(a)(6) of the Bankruptcy Code is not applicable to this Chapter 11 Case.

T.      Best Interest of Creditors (11 U.S.C. § 1129(a)(7)).      Each Holder of an Impaired Claim or Interest (i) has accepted the Amended Plan, (ii) will receive or retain under the Amended Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on the Effective Date, or (iii) has agreed to receive less favorable treatment.      Therefore, the Amended Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

U.      Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).      Class 7 – General Unsecured Claims and the Deemed Rejecting Class (together, the "Rejecting Classes") are Impaired under the Amended Plan and are deemed to have rejected the Amended Plan.  As set forth herein, and pursuant to section 1129(b)(1) of the Bankruptcy Code, the Amended Plan may be confirmed notwithstanding rejection of the Amended Plan by the Rejecting Classes.

As evidenced by the Voting Certification, each of the Voting Classes other than Class 7 – General Unsecured Claims voted to accept the Amended Plan in accordance with sections

1126(b) and (c) of the Bankruptcy Code.  No insiders (as that term is defined in section 101(31) of the Bankruptcy Code) of the Debtor voted on the Amended Plan.

V.      Treatment of Administrative Expense Claims and Priority Claims (11 U.S.C. § 1129(a)(9)).  The treatment of Claims under the Amended Plan of the type specified in section 507(a)(1) through 507(a)(8) of the Bankruptcy Code, if any, complies with the provisions of section 1129(a)(9) of the Bankruptcy Code.

W.      Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)).  As evidenced by the Voting Certification, section 1129(a)(10) of the Bankruptcy Code is satisfied as each of the Voting Classes other than Class 7 – General Unsecured Claims have accepted the Amended Plan, determined without including any acceptances of the Amended Plan by any insider.

X.      Feasibility (11 U.S.C. § 1129(a)(11)).  The information in the Amended Disclosure Statement, the Liquidating Trust Agreement, the Morton Declaration, the record of this Chapter 11 Case, and the evidence proffered or adduced at or prior to the Combined Hearing (a) is reasonable, persuasive and credible, (b) has not been controverted by other evidence, and (c) establishes that the Amended Plan is feasible and that there is a reasonable prospect that the Debtor will be able to meet its financial obligations under the Amended Plan and that confirmation of the Amended Plan is not likely to be followed by the liquidation or need for further financial reorganization of the Debtor, thereby satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

Y.      Payment of Fees (11 U.S.C. § 1129(a)(12)).  As provided in section 2.1 of the Amended Plan, all fees payable under section 1930 of title 28 of the United States Code have either been paid or will be paid under the Amended Plan, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.  Allowed Administrative Expense Claims of the

United States Trustee for statutory fees under 28 U.S.C. § 1930 shall be paid on the Effective Date. After the Effective Date, the Liquidating Trust shall, consistent with the Amended Plan and the Liquidating Trust Agreement, be responsible for payment of any such fees until entry of a final decree closing this Chapter 11 Case.

Z.    <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>. The Debtor has no obligations for retiree benefits as that term is defined in section 1114 of the Bankruptcy Code, thus the requirements of section 1129(a)(13) of the Bankruptcy Code are not applicable.

AA.    <u>No Domestic Support Obligations (11 U.S.C. § 1129(a)(14))</u>. The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

BB.    <u>Debtor Is Not an Individual (11 U.S.C. § 1129(a)(15))</u>. The Debtor is not an individual. Accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable in this Chapter 11 Case.

CC.    <u>Applicable Non-Bankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16))</u>. The Amended Plan satisfies section 1129(a)(16) to the extent applicable.

DD.    <u>No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b))</u>. Based upon the evidence proffered, adduced, and presented by the Debtor at the Combined Hearing, in the Amended Disclosure Statement, and in the Morton Declaration, the Amended Plan does not discriminate unfairly and is fair and equitable with respect to the Deemed Rejecting Class as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code, because no Holder of any Claim or Interest that is junior to such Class will receive or retain any property under the Amended Plan on account of such junior Claim or Interest, and no Holder of a Claim in a Class

senior to such Class is receiving more than 100% recovery on account of its Claim. Thus, the Amended Plan may be confirmed notwithstanding the deemed rejection of the Amended Plan by the Deemed Rejecting Class.

EE.    <u>Only One Plan (11 U.S.C. § 1129(c))</u>.  The Amended Plan is the only plan being confirmed in this Chapter 11 Case.  Thus, the Amended Plan satisfies the requirements of section 1129(c) of the Bankruptcy Code.

FF.    <u>Principal Purpose of the Amended Plan (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Amended Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.  Accordingly, the Amended Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

GG.    <u>Exemption from Transfer Tax (11 U.S.C. § 1146(a))</u>.  All transactions contemplated by the Amended Plan, including the Sale, are not subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, sales or use tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment.

HH.    <u>Satisfaction of Conditions Precedent to the Effective Date</u>.  Each of the conditions precedent to the Effective Date, as set forth in section 10.2 of the Amended Plan, has been or is reasonably likely to be satisfied in accordance with section 10.2 of the Amended Plan.

II.    <u>Implementation</u>.  All documents and agreements necessary to implement the Amended Plan have been negotiated in good faith and at arm's length and are in the best interests of the Debtor, and shall, upon completion of documentation and execution, and subject to the occurrence of the Effective Date, be valid, binding, and enforceable agreements and shall not be in conflict with any federal or state law.

JJ.    <u>Injunction, Exculpation, and Releases</u>.    The Bankruptcy Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the injunction, exculpation, and releases set forth in section 11 and elsewhere in the Amended Plan and this Confirmation Order.  Section 105(a) of the Bankruptcy Code permits issuance of injunction and approval of the releases and exculpations set forth in section 11 and elsewhere in the Amended Plan and this Confirmation Order, if, as has been established here based upon the record in this Chapter 11 Case and the evidence presented in the Morton Declaration and the Combined Hearing, such provisions (i) were integral to the agreement among the various parties in interest and are essential to the formulation and implementation of the Focus Sale Global Settlement Term Sheet and the Amended Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtor's Estate, (iii) are fair, equitable, and reasonable, and (iv) are in the best interests of the Debtor, its Estate, and parties in interest.

Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the releases, exculpation, and injunction set forth in the Amended Plan are fair, equitable, reasonable, and in the best interests of the Debtor, its Estate and Creditors.  The Morton Declaration and the record of the Combined Hearing and this Chapter 11 Case are sufficient to support the releases, exculpation, and injunction provided for in section 11 of the Amended Plan. Accordingly, based upon the record of this Chapter 11 Case, the representations of the parties, and/or the evidence proffered, adduced, and/or presented in the Morton Declaration and the Combined Hearing, the Bankruptcy Court finds that the injunction, exculpation, and releases set forth in section 11 of the Amended Plan are consistent with the Bankruptcy Code and applicable law.  The failure to implement the injunction, release, and exculpation provisions of the Amended Plan would seriously impair the Debtor's ability to confirm the Amended Plan.

KK.    <u>Satisfaction of Confirmation Requirements</u>.    Based upon the foregoing, the Amended Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

<u>**ORDER**</u>

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:

1.    <u>Findings of Fact and Conclusions of Law</u>.    The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as more fully set forth herein.

2.    <u>Notice of the Combined Hearing</u>.    Notice of the Combined Hearing complied with the terms of the Stipulated Order, was appropriate and satisfactory based upon the circumstances of this Chapter 11 Case, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3.    <u>Adequacy of Amended Disclosure Statement</u>.    The Amended Disclosure Statement (i) contains adequate information of a kind that is consistent with the disclosure requirements of applicable nonbankruptcy law, (ii) contains "adequate information" (as such term is defined in section 1125(a)(1) and used in section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtor, the Amended Plan, and the transactions contemplated therein, and (iii) is approved in all respects.

4.    <u>Solicitation and Tabulation</u>.    The solicitation and tabulation of votes on the Amended Plan complied with the Stipulated Order, was appropriate and satisfactory based upon the circumstances of this Chapter 11 Case, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable nonbankruptcy law.

5.    <u>Confirmation of the Amended Plan</u>.    The Amended Plan and each of its provisions and exhibits, including the Plan Supplement, shall be, and hereby are, CONFIRMED pursuant to section 1129 of the Bankruptcy Code.    Each provision of the Amended Plan is authorized and approved and shall have the same validity, binding effect, and enforceability as every other provision of the Amended Plan.    The terms of the Amended Plan are incorporated by reference into and are an integral part of this Confirmation Order.    The failure specifically to describe, include, or refer to any particular article, section, or provision of the Amended Plan or any related document in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Bankruptcy Court that the Amended Plan and all related documents be approved and confirmed in their entirety.

6.    <u>Plan Implementation</u>.    In accordance with section 1142 of the Bankruptcy Code and any provisions of applicable nonbankruptcy law, no further action by the Bankruptcy Court or the officers or directors of the Debtor is required for the Debtor to, as of the Effective Date: (i) take any and all actions necessary or appropriate to implement, effectuate, and consummate the Amended Plan, the Focus Sale Global Settlement Term Sheet (a copy of which is attached to this Confirmation Order as **<u>Exhibit B</u>**), this Confirmation Order, and the transactions contemplated thereby or hereby, including the transactions identified in section 6 of the Amended Plan, and (ii) execute and deliver, adopt or amend, as the case may be, any contracts, instruments, releases, agreements, and documents necessary to implement, effectuate, and consummate the Amended Plan, including those identified in section 6 of the Amended Plan. The form of the Liquidating Trust Agreement is authorized and approved.    Subject to the terms of the Amended Plan (including, for the avoidance of doubt, any consent rights set forth or incorporated therein), and only consistent therewith, the Debtor's right to alter, amend, update,

or modify, in each case in whole or in part, the Liquidating Trust Agreement before the Effective Date is reserved.

7.    <u>Administrative Expense Claims</u>.  To be eligible to receive Distributions under the Amended Plan on account of an Administrative Expense Claim, including, but not limited to, a Claim pursuant to section 503(b)(9) of the Bankruptcy Code, that is not otherwise Allowed by the Amended Plan, a request for payment of an Administrative Expense Claim or Proof of Claim must have been or be filed with the Bankruptcy Court on or before the Administrative Expense Claims Bar Date (unless such request for payment or Proof of Claim has already been filed with the Bankruptcy Court).  Any Administrative Expense Claim that is not asserted in accordance section 2.1 of the Amended Plan or otherwise Allowed by the Amended Plan shall be deemed disallowed under the Amended Plan and shall be forever barred against the Debtor, the Debtor's Estate, the Liquidating Trust, or any of their Assets or property, and the Holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset, recoup or recover such Claim.

8.    <u>Accrued Professional Compensation Claims</u>.  All Professionals seeking payment of Accrued Professional Compensation Claims shall (i) file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred in this Chapter 11 Case by the date that is the first Business Day that is thirty (30) days after the Effective Date and (ii) be paid (a) the full unpaid amount as is Allowed by the Bankruptcy Court within five (5) Business Days after the date that such Claim is Allowed by order of the Bankruptcy Court, or (b) upon such other terms as may be mutually agreed upon between the Holder of such an Allowed Accrued Professional Compensation Claim and the Debtor.  Any Accrued Professional Compensation Claim that is not asserted in accordance with section 2.2 of

the Amended Plan shall be deemed disallowed under the Amended Plan and shall be forever barred against the Debtor, the Debtor's Estate, the Liquidating Trust, or any of the Assets or Liquidating Trust Assets, and the Holder thereof shall be enjoined from commencing or continuing any action, employment of process or act to collect, offset, recoup or recover such Claim.

9.      Priority Tax Claims.  Pursuant to section 1129(a)(9)(C) of the Bankruptcy Code, unless otherwise agreed by a Holder of an Allowed Priority Tax Claim and the Debtor, or the Liquidating Trustee, each Holder of an Allowed Priority Tax Claim shall receive, in full satisfaction of its Priority Tax Claim, payment in full in Cash of the Allowed amount of the Priority Tax Claim on the later of the Effective Date or as soon as practicable after the date when such Claim becomes an Allowed Claim.

10.      DIP Claims.  In full satisfaction of the DIP Claims, the Holder of an Allowed DIP Claim shall receive, on or as soon as reasonably practicable after the Effective Date, indefeasible payment in full from the Bondholder Sale Proceeds.

11.      Diminution Claim.  The Bond Trustee's Diminution Claim shall be paid from the Excluded Assets and proceeds thereof, after payment of expenses set forth in the Approved Budget.

12.      Payment of Statutory Fees.  All fees payable pursuant to 28 U.S.C. § 1930 shall be paid on the earlier of when due or the Effective Date by the Debtor.  After the Effective Date, the Liquidating Trust shall be responsible for payment of any such fees until entry of a final decree closing this Chapter 11 Case.

13.      Appointment of the Liquidating Trustee.   The Liquidating Trustee shall be appointed in accordance with this Confirmation Order, the Amended Plan, the Liquidating Trust

Agreement and the Focus Sale Global Settlement Term Sheet and shall be subject to removal only by the Bankruptcy Court upon application or motion by a Beneficiary of the Liquidating Trust, after notice and a hearing, and for cause shown, including (i) the willful and continued refusal by the Liquidating Trustee to perform his or her duties under the Amended Plan and the Liquidating Trust Agreement, and (ii) gross negligence, gross misconduct, fraud, embezzlement or theft.  During the term of the Liquidating Trust, the Liquidating Trustee shall be entitled to compensation payable in accordance with the terms of the Liquidating Trust Agreement.

14.    <u>Vesting and Transfer of Liquidating Trust Assets to the Liquidating Trust</u>.  On the Effective Date, pursuant to section 1141(b) of the Bankruptcy Code, the Liquidating Trust Assets, including the Liquidating Trust Contribution, shall vest in the Liquidating Trust free and clear of all Liens, Claims and Interests, except as otherwise specifically provided in the Amended Plan; *provided*, *however*, that the Liquidating Trustee may abandon or otherwise not accept any non-Cash Liquidating Trust Assets that the Liquidating Trustee believes, in good faith, have no value to the Liquidating Trust.  Any non-Cash Liquidating Trust Assets that the Liquidating Trustee so abandons or otherwise does not accept shall not be property of the Liquidating Trust.

15.    <u>Cancellation of Agreements, Security Interests, and Other Interests</u>.  On the Effective Date, all notes, instruments, certificates, and other documents evidencing the Bonds, shall be cancelled and the obligations of the Debtor thereunder or in any way related thereto shall be discharged, the Bonds shall be treated as redeemed solely for purposes of section 103 of the Internal Revenue Code of 1986, as amended, and the agents, Issuer and Bond Trustee thereunder shall be automatically and fully discharged from all duties and obligations thereunder.  Notwithstanding the foregoing, following entry of this Confirmation Order, the

Bond Indenture, insofar as it governs the rights of any Holder of a Bond Claim pursuant to an amendment or supplement of same, shall continue in effect solely for purposes of (i) allowing Holders of such Allowed Claims to receive Distributions under the Amended Plan and the Focus Sale Global Settlement Term Sheet; (ii) allowing and preserving the rights of the agents or representatives of Holders of such Claims, including the Bond Trustee, to make Distributions on account of such Allowed Claims, as provided in the Amended Plan, including permitting the Bond Trustee to take such actions as necessary with the securities depositories to permit any such Distribution; (iii) preserving all exculpations in favor of the Bond Trustee and the Issuer; (iv) except as otherwise provided in the Amended Plan, the Focus Sale Global Settlement Term Sheet or the Focus Sale Order, allowing the Bond Trustee to enforce any rights and obligations owed to it under the Bond Documents, the Amended Plan or this Confirmation Order, including the right of the Issuer (that the Issuer may continue to enforce in its own right) and the Bond Trustee to be compensated for fees and reimbursed for expenses, including expenses of its professionals, to assert its charging lien, to enforce its indemnity and other rights and protections with respect to and pursuant to the Bond Documents and with respect to the Focus Sale Global Settlement Term Sheet; and (v) permitting the Issuer and the Bond Trustee to appear and be heard in the Chapter 11 Case, or in any proceeding in the Bankruptcy Court or any other court. Except to the extent otherwise provided in the Amended Plan, any and all other notes, instruments, debentures, certificates and other documents evidencing Claims and Interests in the Debtor or any claims against the Issuer shall be deemed inoperative and unenforceable against the Debtor and the Issuer, respectively and neither the Debtor nor the Issuer shall have any continuing obligations thereunder. Notwithstanding anything to the contrary herein or in the Amended Plan, the Issuer shall be automatically and fully discharged

from all duties and obligations under the Bond Documents and the Bond Indenture, as so amended or supplemented, except to accommodate the actions of the Bond Trustee set forth in parts (i)-(v) of section 11.12 of the Amended Plan.   For purposes of the Issuer and Bond Indenture, the Bonds shall be deemed cancelled as soon as practicable after the Effective Date and the distribution of the Bondholder Sale Proceeds.

16.     <u>Section 1146 Exemption</u>.  To the fullest extent permitted under section 1146(a) of the Bankruptcy Code, and as more fully set forth in section 14.5 of the Amended Plan, the issuance, transfer or exchange of any security under or pursuant to the Amended Plan, and the execution, delivery, or recording of any instrument of transfer under or pursuant to the Amended Plan, and the revesting, transfer, or sale of any property of or to the Liquidating Trust or Focus in connection with the Sale, shall not be taxed under any state or local law imposing a stamp tax, transfer tax, or similar tax or fee.  Consistent with the foregoing, each recorder of deeds or similar official for any county, city or other Governmental Unit in which any instrument hereunder is to be recorded in accordance with the Amended Plan shall, pursuant to this Confirmation Order, be ordered and directed to accept such instrument, without requiring the payment of any documentary stamp tax, deed stamps, stamp tax, transfer tax, mortgage recording tax, intangible tax, or similar tax.

17.     <u>Applicability of Insurance Policies</u>.   Except as otherwise provided in the Amended Plan, Distributions to Holders of Allowed Claims shall be made in accordance with the provisions of any applicable Insurance Policy.  Nothing contained in the Amended Plan shall constitute or be deemed a waiver of any Cause of Action that the Debtor, Liquidating Trustee or any Person may hold against any insurers under any of the Debtor's Insurance Policies, nor shall anything contained in the Amended Disclosure Statement or the Amended

Plan constitute or be deemed a waiver by such insurers of any defenses, including coverage defenses, held by such insurers.

18.    <u>Preservation of Rights to Settle Claims</u>.  In accordance with section 1123(b) of the Bankruptcy Code, the Liquidating Trustee shall have the discretion to retain and enforce, sue on, settle, or compromise all claims, rights, causes of action, suits, and proceedings, whether in law or in equity, whether known or unknown, that the Debtor or its Estate may hold against any person or entity without the approval of the Bankruptcy Court, subject to the terms of the Amended Plan, this Confirmation Order, the Focus Sale Global Settlement Term Sheet, the Liquidating Trust Agreement, and any contract, instrument, release, indenture, or other agreement entered into in connection herewith.  The Liquidating Trustee may pursue such retained claims, rights, or causes of action, suits, or proceedings, as appropriate, in accordance with the best interests of the Liquidating Trust and its Beneficiaries.

19.    <u>Corporate Action</u>.  Upon the Effective Date, all actions contemplated by the Amended Plan shall be deemed authorized and approved in all respects (whether to occur before, on or after the Effective Date).  All matters provided for in the Amended Plan involving the corporate structure of the Debtor, and any corporate action required by the Debtor in connection with the Amended Plan shall be deemed to have occurred and shall be in effect, without any requirement of further action by the directors or officers of the Debtor.

20.    <u>Effectuating Documents; Further Transactions</u>.  The appropriate officers of the Debtor and the Liquidating Trustee shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, consents, certificates, resolutions, programs, and other agreements and/or documents, and take such acts and actions as may be reasonably necessary or appropriate to effectuate, implement, consummate, and/or further evidence the terms and

conditions of the Amended Plan, the Focus Sale Global Settlement Term Sheet, and any transactions described therein.  The Debtor or Liquidating Trustee, as applicable, may, and all Holders of Allowed Claims and Interests, at the request or direction of the Debtor or Liquidating Trustee, as applicable, shall, from time to time, prepare, execute, and deliver any agreements or documents, and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Amended Plan and the Focus Sale Global Settlement Term Sheet.

21.     <u>Assumption of Executory Contracts and Unexpired Leases</u>.  Except as otherwise provided in the Amended Plan, or in any contract, instrument, release, indenture or other agreement or document entered into in connection with the Amended Plan, including the Focus APA, each of the Executory Contracts and Unexpired Leases of the Debtor shall be deemed rejected as of the Effective Date, unless such Executory Contract or Unexpired Lease: (i) was assumed or rejected previously by the Debtor; (ii) expired or terminated pursuant to its own terms before the Effective Date; (iii) is the subject of a motion to assume or reject filed on or before the Effective Date; or (iv) is identified as an Executory Contract or Unexpired Lease to be assumed in connection with the Sale.

22.     <u>Conditions to Effective Date</u>.  The Amended Plan shall not become effective unless and until the conditions set forth in section 10.2 of the Amended Plan have been satisfied or waived pursuant to section 10.3 of the Amended Plan.  If consummation of the Amended Plan does not occur, the Amended Plan shall be null and void in all respects and nothing contained in the Amended Plan or the Amended Disclosure Statement shall: (i) constitute a waiver or release of any claims by or Claims against the Debtor; (ii) prejudice in any manner the rights of the Debtor, any Holders of Claims or Interests or any other Person; or

(iii) constitute an admission, acknowledgment, offer or undertaking by the Debtor, any Holders of Claims or Interests or any other Person in any respect.

23.    <u>Compromise and Settlement of Claims, Interests and Controversies</u>.  Pursuant to sections 363 and 1123(b) of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the Distributions and other benefits provided pursuant to the Amended Plan, the provisions of the Amended Plan shall constitute a good faith compromise of all Claims, Interests and controversies relating to the contractual, legal and subordination rights that a Holder of a Claim or Interest may have with respect to any Allowed Claim or Interest, or any Distribution to be made on account of such Allowed Claim or Interest.  The entry of this Confirmation Order constitutes the Bankruptcy Court's approval of the compromise or settlement of all such Claims, Interests and controversies, as well as a finding by the Bankruptcy Court that such compromise or settlement is in the best interests of the Debtor, its Estate and Holders of Claims and Interests and is fair, equitable and reasonable.

24.    <u>Releases by the Debtor</u>.  Pursuant to section 1123(b) of the Bankruptcy Code and except as otherwise specifically provided in the Amended Plan, the Focus Sale Global Settlement Term Sheet or the Plan Supplement, for good and valuable consideration, including the service of the Released Parties to facilitate the expeditious liquidation of the Debtor and the consummation of the transactions contemplated by the Amended Plan, on or after the Effective Date (in accordance with the Amended Plan and the Focus Global Settlement Term Sheet), the Released Parties are deemed released and discharged by the Debtor and its Estate from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law,

equity or otherwise, that the Debtor or its Estate would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, this Chapter 11 Case, the Sale or the transactions or events giving rise to any Claim or Interest that is treated in the Amended Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests before or during this Chapter 11 Case, the negotiation, formulation or preparation of the Amended Plan, the Amended Disclosure Statement, any Plan Supplement or related agreements, instruments or other documents (collectively, the "<u>Debtor Released Claims</u>"), other than Debtor Released Claims against a Released Party arising out of the gross negligence, willful misconduct, intentional fraud, or criminal liability of any such person or entity.

25.    <u>Releases by Holders of Claims</u>.    Except as otherwise provided in this Confirmation Order, the Amended Plan, and in the Focus Sale Global Settlement Term Sheet, and except for the right to enforce the Amended Plan and the Focus Sale Global Settlement Term Sheet, on the Effective Date, all Releasing Parties shall, to the fullest extent permitted by applicable law, be deemed to forever release, waive and discharge the Released Parties of and from all Liens, Claims, Causes of Action, liabilities, encumbrances, security interests, interests or charges of any nature or description whatsoever relating to the Debtor, the Chapter 11 Case or affecting property of the Estate, whether known or unknown, suspected or unsuspected, scheduled or unscheduled, contingent or not contingent, unliquidated or fixed, admitted or disputed, matured or unmatured, senior or subordinated, whether assertable directly or derivatively by, through, or related to any of the Released Parties and their successors and assigns whether at law, in equity or otherwise, based upon any condition, event, act, omission

occurrence, transaction or other activity, inactivity, instrument or other agreement of any kind or nature occurring, arising or existing prior to the Effective Date in any way relating to or arising out of, in whole or in part, the Debtor, the Chapter 11 Case, the pursuit of confirmation of the Amended Plan, the negotiation and consummation of the Sale, the consummation of the Amended Plan or the administration of the Amended Plan, including without limitation, the negotiation and solicitation of the Amended Plan, all regardless of whether (a) a Proof of Claim has been filed or is deemed to have been filed, (b) such Claim is Allowed or (c) the Holder of such Claim has voted to accept or reject the Amended Plan, except for willful misconduct or gross negligence.  For the avoidance of doubt, this release and the releases contained in the Amended Plan shall not modify or waive the releases contained in the Focus Sale Global Settlement Term Sheet and/or the effect of termination of the Focus Sale Global Settlement Term Sheet on the terms set forth therein, which provide for each Holder of a Resident Claim to have the option to affirmatively opt-in to receive a proposed distribution under the Focus Sale Global Settlement Term Sheet in exchange for a release of all direct claims relating to the Debtor against ACCHS, ANH, the Debtor, and each of their respective Related Parties (as defined in the Focus Sale Global Settlement Term Sheet); *provided that*, if the Focus Sale Global Settlement Term Sheet is terminated prior to payment of the Member Financial Contribution, such releases shall be deemed void *ab initio*.  To the extent that there is any inconsistency between the Amended Plan and Ballots and the releases set forth in the Focus Sale Global Settlement Term Sheet in favor of ACCHS, ANH or any of their Related Persons other than the Debtor, the terms of the Focus Sale Global Settlement Term Sheet shall control.

26.    <u>Exculpation</u>.  None of the Exculpated Parties shall have or incur any liability to any Holder of a Claim or Interest, or other party in interest, or any of their respective members,

officers, directors, employees, advisors, professionals, attorneys or agents or any of their successors and assigns, with respect to any Exculpated Claim, including, without limitation, any act or omission in connection with, related to, or arising out of, in whole or in part, the Chapter 11 Case, except for their willful misconduct or gross negligence as determined by a Final Order of a court of competent jurisdiction, and, in all respects, the Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Amended Plan.

27.    <u>Satisfaction of Claims</u>.    To the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, except as otherwise expressly provided herein or in the Amended Plan, all consideration distributed under the Amended Plan shall be in full and final satisfaction and settlement, as of the Effective Date, of all Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations or properties, regardless of whether any property shall have been distributed or retained pursuant to the Amended Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (i) a Proof of Claim based upon such Claim, debt, right is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim or is Allowed pursuant to section 502 of the Bankruptcy Code, or (iii) the Holder of such a Claim has accepted the Amended Plan.  This Confirmation Order shall

be a judicial determination of the satisfaction of all Claims and Interests subject to the Effective Date occurring, except as otherwise expressly provided herein or in the Amended Plan.

28.   <u>Injunction</u>.  From and after the Effective Date, all Persons who have held, hold or may hold Claims against or Interests in the Debtor are permanently enjoined from commencing or continuing in any manner, any Cause of Action released or to be released pursuant to the Amended Plan or this Confirmation Order.  From and after the Effective Date, to the extent of the Releases and exculpation granted in the Amended Plan and the Focus Sale Global Settlement Term Sheet, the Releasing Parties shall be permanently enjoined from commencing or continuing in any manner against the Released Parties and the Exculpated Parties and their assets and properties, as the case may be, any suit, action or other proceeding, on account of or respecting any Claim, demand, liability, obligation, debt, right, Cause of Action, Interest or remedy released or to be released pursuant to the Amended Plan.  Except as otherwise expressly provided in the Amended Plan, the Plan Supplement or related documents, or for obligations pursuant to the Amended Plan, all Persons who have held, hold or may hold Claims or Interests that have been released, discharged, or are subject to exculpation, are permanently enjoined, from and after the Effective Date, from taking any of the following actions: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against such Persons on account of or in connection with or with respect to any such claims or interests; (c) creating, perfecting or enforcing any encumbrance of any kind against such Persons or the property or estates of such persons on account of or in connection with or with respect to any such Claims or Interests; and (d) commencing or continuing in any manner any action or other

proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released, settled or discharged pursuant to the Amended Plan.  The rights afforded in the Amended Plan and the treatment of all Claims and Interests thereunder shall be in exchange for and in complete satisfaction of all Claims and Interests of any nature whatsoever, including any interest accrued on Claims from and after the Petition Date, against the Debtor or any of its Assets, property or Estate.  On the Effective Date, all such Claims against the Debtor shall be fully released, and the Interests shall be cancelled (except as otherwise expressly provided in the Amended Plan).  Except as otherwise expressly provided for in the Amended Plan or in obligations pursuant thereto from and after the Effective Date, all Claims against the Debtor shall be fully released, and all Interests shall be cancelled, and the Debtor's liability with respect thereto shall be extinguished completely, including any liability of the kind specified under section 502(g) of the Bankruptcy Code.  All Persons shall be precluded from asserting against the Debtor, the Debtor's estate, its respective successors and assigns, and its Assets and properties, whether held directly or constructively, any other Claims or Interests based upon any documents, instruments or any act or omission, transaction or other activity of any kind or nature that occurred before the Effective Date.  Notwithstanding any provision to the contrary in the Amended Plan or this Confirmation Order, nothing shall modify or waive the terms of the Focus Sale Global Settlement Term Sheet, including the releases contained therein and/or the effect of termination of the Focus Sale Global Settlement Term Sheet on the terms set forth therein, or release any party's right to enforce the terms thereof.

29.    <u>Immediate Binding Effect</u>.  Notwithstanding Bankruptcy Rules 3020(e), 6004(h) or 7062 or any other Bankruptcy Rule, upon the occurrence of the Effective Date, the terms of the Amended Plan and the Liquidating Trust Agreement shall be immediately effective and

enforceable and deemed binding upon the Debtor, the Liquidating Trustee, the Liquidating Trust and any and all Holders of Claims or Interests (irrespective of whether such Claims or Interests are deemed to have accepted the Amended Plan), all Persons that are parties to or are subject to the settlements, compromises, releases, discharges and injunctions described in the Amended Plan, each Person acquiring property under the Amended Plan, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtor.

30. <u>Preservation of Privilege and Defenses</u>.  No action taken by the Debtor or Liquidating Trustee in connection with the Amended Plan shall be (or be deemed to be) a waiver of any privilege or immunity of the Debtor or the Liquidating Trustee, as applicable, including any attorney client privilege or work-product privilege attaching to any documents or communications (whether written or oral).

31. <u>Injunction Against Interference with the Amended Plan</u>.  As of the date of this Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the Debtor's, the Liquidating Trust's, the Liquidating Trustee's, and their respective affiliates', employees', advisors', officers' and directors', and agents' implementation or consummation of the Amended Plan.

32. <u>Release of Liens</u>.  Except as otherwise provided in the Amended Plan (including section 11.12 of the Amended Plan) and the Focus Sale Global Settlement Term Sheet, or in any contract, instrument, release or other agreement or document created pursuant to the Amended Plan, on the Effective Date and concurrently with, and conditioned upon, the applicable Distributions made pursuant to the Amended Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date,

all mortgages, deeds of trust, Liens, pledges or other security interests against any property of

the Estate, whether held directly by the Debtor or by the Issuer for or on behalf of Debtor, shall

be fully released.  Except as otherwise provided in the Amended Plan (including section 11.12

of the Amended Plan) and the Focus Sale Global Settlement Term Sheet, all mortgages, deeds

of trust, Liens, pledges or other security interests against any property of the Debtor's Estate,

whether held directly by the Debtor or by the Issuer for or on behalf of the Debtor (including,

without limitation, the mortgage in favor of Nassau County), shall be fully released on the

Effective Date without any further action of any party, including, but not limited to, further

order of the Bankruptcy Court or filing updated schedules or statements typically filed pursuant

to the Uniform Commercial Code.  The liens of the Secured Parties on their respective collateral

shall not be released or discharged until such assets are distributed to the applicable Secured

Party in accordance with the Amended Plan.

33.     Dissolution of Committee.  On the Effective Date, the Committee shall dissolve

and members thereof shall be released and discharged from all rights and duties from or related

to this Chapter 11 Case.  Notwithstanding the foregoing, the Committee may, at its option and

without taking any action or seeking or receiving any approval, continue to serve and function

after the Effective Date for the limited purpose of participating in any motions or applications

for payment of administrative expenses and any hearing thereon.

34.     Consents and Approvals.  This Confirmation Order shall constitute all approvals

and consents required, if any, by the laws, rules, or regulations of any state or governmental

authority with respect to the implementation or consummation of the Amended Plan and any

other acts and transactions referred to in or contemplated by the Amended Plan, the Amended

Disclosure Statement, any documents, instruments or agreement that may be necessary or

appropriate for the implementation or consummation of the Amended Plan, and any other acts referred to in, or contemplated by the Amended Plan.

35.     <u>Harbor View of Port Washington Home Owners Association</u>.    Nothing in the Amended Plan or this Confirmation Order shall affect the rights of Harbor View of Port Washington Home Owners Association, Inc. as set forth in paragraph 33 of this Court's order approving the Sale [Dkt. No. 1007] (the "<u>Sale Order</u>"), which paragraph is incorporated into this Confirmation Order as if set out in full.

36.     <u>Relief from Injunction to Pursue Insurance Claim</u>.    Notwithstanding anything to the contrary in the Amended Plan or this Confirmation Order, on and after the Effective Date of the Amended Plan, the automatic stay provided under section 362 of the Bankruptcy Code and this Confirmation Order shall be modified for the limited purpose of permitting Alfred DePhillips to pursue his Claim against the Debtor arising in connection with alleged injuries he sustained  on or around December 24, 2024 (the "<u>Insurance Claim</u>"), including the enforcement of any judgment or settlement subject to the limits of the Debtor's applicable insurance coverage; *provided*, *however*, that (i) Mr. DePhillips may seek to collect on any judgment or settlement against the Debtor only from applicable insurance proceeds and/or providers, and (ii) no settlement or judgment rendered against the Debtor shall exceed the limits of the Debtor's applicable insurance coverage; *provided further*, that neither the Debtor nor the Liquidating Trustee shall have any obligation to participate in, cooperate with, respond to, or expend any assets of the Debtor's Estate or Liquidating Trust in connection with any aspect of the Insurance Claim, including without limitation appearing as a witness in any conference, hearing or examination or responding to formal or informal discovery requests.  To the extent there is insurance coverage available to satisfy any judgment entered against the Debtor with regard to

the Insurance Claim, any recovery shall be reduced by the amount of any retention or deductible payable by the Debtor. Neither the Debtor nor the Liquidating Trustee makes any representation as to the availability of any insurance coverage. Mr. DePhillips irrevocably waives and releases any and all Claims: (a) against the Debtor's estate, whether filed or unfiled, and any right to file a proof of claim for any amount in excess of the insurance coverage or any amounts within any insurance deductibles or self-insured retentions; (b) against the Liquidating Trustee and/or Debtor's insurance carrier(s) for any amount in excess of available insurance coverage or any amounts within any applicable insurance deductible or self-insured retention; and (c) against any current or former employees, officers, directors or independent contractors of the Debtor. Nothing contained in this paragraph 36 shall be construed as an admission of liability by the Liquidating Trustee, the Debtor or any current or former employees, officers, directors or independent contractors of the Debtor with respect to the allegations related to the Insurance Claim, and all the rights, claims and defenses of any of these parties with respect to the Insurance Claim are expressly reserved.

37. <u>Sale Order and Post-Closing Reconciliations</u>. Nothing in this Confirmation Order shall modify the Sale Order or Focus APA. Any payment obligations of the Debtor arising under sections 3.04 or 7.01(b) of the Focus APA shall be satisfied in the ordinary course of business by the Debtor or the Liquidating Trustee without further action of this Court or the requirement for Focus to file an Administrative Expense Claim. Notwithstanding anything to the contrary in the Amended Plan or this Confirmation Order, all claims arising under the Focus APA shall not be released and all rights in connection thereto are expressly reserved.

38. <u>Payment of Member Financial Contribution</u>. In accordance with the Amended Plan and the Focus Sale Global Settlement Term Sheet, upon the Effective Date, ACCHS shall

incur the contingent obligation to pay the Member Financial Contribution (as defined in the Focus Sale Global Settlement Term Sheet attached hereto as **Exhibit B**), subject to and in accordance with the terms of the Focus Sale Global Settlement Term Sheet.

39.     <u>Retention of Jurisdiction</u>.  Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, on and after the Effective Date, pursuant to section 11 of the Amended Plan and sections 105 and 1142 of the Bankruptcy Code, the Bankruptcy Court shall retain and have exclusive jurisdiction over any matters arising under the Bankruptcy Code, arising in or related to this Chapter 11 Case or the Amended Plan, or that relates to the matters set forth in section 13 of the Amended Plan.

40.     <u>Documents and Instruments</u>.  Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Amended Plan and this Confirmation Order.

41.     <u>The Automatic Stay</u>.  The stay in effect in this Chapter 11 Case pursuant to sections 105 or 362(a) of the Bankruptcy Code shall continue to be in effect until entry of a final decree closing this Chapter 11 Case, and at that time shall be dissolved and of no further force of effect, subject to the injunctions set forth in the Amended Plan, this Confirmation Order, and/or sections 524 and 1141 of the Bankruptcy Code; *provided, however*, that nothing herein shall bar the taking of such actions as are necessary to effectuate the transactions specifically contemplated by the Amended Plan or this Confirmation Order prior to the Effective Date.

42.     <u>Conflicts Between Confirmation Order and Amended Plan</u>.  The provisions of this Confirmation Order and the Amended Plan shall be construed in a manner consistent with each other so as to effect the purpose of each; *provided, however*, that, if there is determined to be

any inconsistency between any Amended Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any provision of this Confirmation Order shall be deemed a modification of the Amended Plan and shall control and take precedence.

43.    <u>Provisions of Amended Plan and Confirmation Order Nonseverable and Mutually Dependent</u>.  The provisions of the Amended Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

44.    <u>Reversal/Stay/Modification/Vacatur of Confirmation Order</u>.  If any or all of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Bankruptcy Court or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtor or the Liquidating Trustee, as applicable, pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur.  Notwithstanding any such reversal, stay, modification, or vacatur of this Confirmation Order, any act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Amended Plan or any amendments or modifications thereto.

45.    <u>Governing Law</u>.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and the Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of New York, without giving effect to the principles of conflicts of

laws, shall govern the rights, obligations, construction, and implementation of the Amended Plan and the transactions consummated or to be consummated in connection therewith.

46.  <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Amended Plan and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

47.  <u>Effectiveness of All Actions</u>.  All actions authorized to be taken pursuant to the Amended Plan shall be effective on, prior to, or after, the Effective Date pursuant to this Confirmation Order, without further application to, or order of, the Bankruptcy Court, or further action by the respective officers or directors of the Debtor, and with the effect that such actions has been taken by unanimous action of such officers and directors.

48.  <u>Notice of Confirmation Order, Occurrence of Effective Date and Resident Distribution Record Dates</u>.  In accordance with Bankruptcy Rules 2002 and 3020(c), as soon as reasonably practicable after the Effective Date, the Debtor shall serve notice, substantially in the form annexed hereto as **<u>Exhibit C</u>** (the "<u>Notice of Confirmation, Effective Date and Resident Distribution Record Dates</u>"), of the entry of this Confirmation Order and occurrence of the Effective Date, and establish (i) the date that is ninety (90) days after the Effective Date as the deadline by which each Holder of a Resident Claim must be a Releasing Party to receive the Initial Pre-Termination Resident Distribution or Initial Post-Termination Resident Distribution (the "<u>Initial Resident Distribution Record Date</u>") and (ii) the date that is one hundred eighty (180) days after the Initial Resident Distribution Record Date as the deadline by which each Holder of a Resident Claim must be a Releasing Party to receive the Subsequent Resident Distribution (the "<u>Subsequent Resident Distribution Record Date</u>"); *provided*, *however*, that the

Initial Resident Distribution Record Date and Subsequent Resident Distribution Record Date may be extended by agreement among the Liquidating Trustee, ACCHS and ANH.  The Notice of Confirmation, Effective Date and Resident Distribution Record Dates shall be served on the United States Trustee, all parties that hold a Claim or Interest in this Chapter 11 Case, and any other party requesting notice under Bankruptcy Rule 2002 and shall also be posted on the Debtor's case information website, available at https://dm.epiq11.com/harborside.  Such notice is hereby approved in all respects and shall be deemed good and sufficient notice of entry of this Confirmation Order and the occurrence of the Effective Date.

49.    <u>Substantial Consummation</u>.  On the Effective Date, the Amended Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

50.    <u>No Waiver</u>.  The failure to specifically include any particular provision of the Amended Plan in this Confirmation Order will not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Bankruptcy Court that the Amended Plan is confirmed in its entirety and incorporated herein by this reference.

51.    <u>Waiver of Stay</u>.  The stay of this Confirmation Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 6004(h), and 6006(d)) is hereby waived.  This Confirmation Order shall be effective and enforceable immediately upon its entry by the Bankruptcy Court.



Dated: May 12, 2025
      Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge